**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-50050
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN RAY DOTSEY,
a/k/a Martin Ray Denman,
a/k/a Martin Denman Freeman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(94-CR-90-W)

_____

( August 1, 1995)

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Martin Ray Dotsey appeals the sentence

imposed following his conviction, based on his guilty plea, for

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

distribution of cocaine within 1,000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). Dotsey complains that the district court erred in calculating the drug quantity attributable to him, which error in turn produced an unlawfully harsh sentence. For the reasons set forth below, we affirm Dotsey's sentence.

I

FACTS AND PROCEEDINGS

Dotsey was convicted based on his plea of guilty to three counts of distributing crack cocaine within 1,000 feet of a public school. He was sentenced to 84 months of imprisonment, to be followed by six years of supervised release.

The factual resume for Dotsey's plea alleged that, on three separate occasions, Dotsey sold an undercover agent rocks of crack cocaine which weighed .10, .20, and .35 grams. The indictment did not state drug quantities. The probation officer found that the rocks of cocaine sold to the undercover agent weighed .10, .20, and .35 grams. In addition, the probation officer found that, during the second and third crack transactions, Dotsey showed the undercover agent three to five rocks of crack cocaine, not just the ones actually purchased by the agent.

The probation officer noted the undercover agent's report that Dotsey attempted to sell crack cocaine to him on three to five additional occasions, but that the agent refused because he had already bought crack from Dotsey and was investigating other crack dealers. The agent also reported that, on one of these occasions,

2

Dotsey possessed three rocks of cocaine, and on another he possessed at least three rocks of crack cocaine. Based on the foregoing, the probation officer determined that seven additional rocks of cocaine should by included in Dotsey's offense conduct. Using .16 grams per rock, the average weight of the rocks that were actually purchased by the agent, the probation officer concluded that a total of 2.08 grams of cocaine was attributable to Dotsey.

Dotsey objected to the inclusion of the additional amounts of cocaine that were not actually sold to the undercover agent. At sentencing, Dotsey testified that he broke off pieces of crack cocaine from rocks that he held for his personal use and sold the pieces to the undercover agent. Dotsey denied having any additional rocks of cocaine in his possession when making sales to the undercover agent, but could not remember whether he attempted to sell crack to the agent on the other occasions when the agent did not buy. On cross-examination, Dotsey testified that he bought crack to use, but that he sold some of that to make additional money.

The undercover agent testified at sentencing that, on the second and third occasions that he bought crack from Dotsey, the defendant had "more than two, possibly five pieces of `crack' in his hand." The agent further testified that Dotsey sold the crack by leaning into the agent's vehicle and displaying the cocaine in his palm, and that during these transaction the crack was within a foot of the agent's face so that he was able to identify clearly the substance that he was being offered and was purchasing.

3

The agent also testified that he saw Dotsey with crack on two other occasions when the agent did not make a purchase and that Dotsey was holding three to five pieces of crack on those occasions. On cross-examination, the agent testified that Dotsey did not break off pieces of crack from existing rocks but sold whole rocks from among those that were in his hand.

The sentencing judge found that the undercover agent's testimony was more credible than Dotsey's, and that the probation officer's findings were accurate and appropriate.

## II

## ANALYSIS

Dotsey asserts that the additional amounts of cocaine attributed to his offense conduct calculation should not have been included because the additional crack was for his personal use. We "will uphold the district court's sentence so long as it results from a correct application of the guidelines to factual findings which are not clearly erroneous." United States v. Sarasti, 869 F.2d 805, 806 (5th Cir. 1989). "Specific factual findings about the quantity of drugs to be used in setting the base offense level are reviewed on appeal only for clear error." United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991). The government bears the burden of establishing sentencing facts by a preponderance of the evidence. United States v. Galvan, 949 F.2d 777, 784 (5th Cir. 1991). A defendant who objects to consideration of information by the sentencing court bears the burden of proving that it is "materially untrue, inaccurate or unreliable." Angulo, 927 F.2d at

4

205.

In determining drug quantities, the district court is not limited to controlled substances that are seized. Id. at 204. Dotsey's relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3. The sentencing court may consider any evidence that has "sufficient indicia of reliability," including estimates of drug quantities. United States v. Sherrod, 964 F.2d 1501, 1508 (5th Cir. 1992), cert. denied, 113 S. Ct. 1422 (1993). The court's calculation may include a police officer's approximation of unrecovered drugs if that approximation is supported by a preponderance of the evidence. Angulo, 927 F.2d at 204-05. The burden of demonstrating that the undercover agent's approximation is unreliable because it is materially untrue, inaccurate, or unreliable was Dotsey's and he failed to bear it.

Making a credibility call, the sentencing judge rejected Dotsey's testimony that the cocaine was for his personal use and not for sale, and that he broke the crack cocaine that he sold from existing rocks. The sentencing judge found that the undercover agent's testimony regarding the amount of cocaine Dotsey attempted to sell was more credible than Dotsey's. "The district court has broad discretion in considering the reliability of the submitted information regarding the quantities of drugs involved." United States v. Martinez-Moncivais, 14 F.3d 1030, 1039 (5th Cir.), cert. denied 115 S. Ct. 72 (1994). Moreover, credibility determinations

5

in a sentencing hearing "are peculiarly within the province of the trier-of-fact."  Sarasti, 869 F.2d at 806.

The sentencing judge did not clearly err in determining the amount of cocaine attributable to Dotsey.  His sentence is, therefore,

AFFIRMED.